United States District Court

Eastern District of Louisiana

DeLaune

v.                                    CIVIL ACTION NO. 2:00-cv-00346

Cobb Invst Co Inc
                                                       J(1)

   The record reflects that a Notice of Removal has been filed in the captioned case; accordingly,

   Pursuant to 28 U.S.C. 1447(b), the removing party is directed to file within 10 days:

   (1) A list of all parties still remaining in this action;

   (2) Copies of all pleadings, including answers, filed by those parties in state court; and

   (3) Copies of the return on service of process on those parties filed in state court.

New Orleans, Louisiana, February 4, 2000.

                                        By Direction of the Court

                                        LORETTA G. WHYTE, CLERK



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 FEB -3  P 1: 48

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES K. DELAUNE | CIVIL ACTION |
| VERSUS | **00-0346** |
| COBB INVESTMENT COMPANY, INC.; CAJUN BAYOU DISTRIBUTORS AND MANAGEMENT, INC.; CAJUN BAYOU DISTRIBUTORS AND MANAGEMENT, INC. STAY INCENTIVE AGREEMENTS; PATRICK R. PRUDOMME; RONALD A. LABORDE; J. FRED JOHNSON; THE BOARD OF DIRECTORS OF CAJUN BAYOU DISTRIBUTORS AND MANAGEMENT, INC.; PICCADILLY CAFETERIAS, INC.; AND PICCADILLY RESTAURANTS, INC. | SECTION " " <br><br> MAGISTRATE ( ) **SECT. J MAG. 1** |

* * * * * * * * * * * * * * * * * * * * * * * * * *

### NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:

Defendants Cobb Investment Company, Inc. ("Cobb") and Cajun Bayou Distributors and Management, Inc. ("Cajun") (hereinafter "Petitioners"), respectfully show the following:

1.

Petitioners are defendants in a civil suit filed on December 30, 1999 in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, entitled *Charles K. Delaune v.*



Fee _150.00_
Process_____
X Dktd_____
_____ CtRmDep_____
_____ Doc. No._____

447942-1

*Cobb Investment Company, Inc. et al.*" and being No. 547-991, Division "M" on the docket of that court. A citation was issued by that court on January 14, 2000. A copy of the Citation and Petition are attached hereto as Exhibit 1. This Exhibit constitutes all process, pleadings and orders served upon defendants to date in that action and constitute the entire record of the state court in this matter.

2.

The Petition in the state court action was filed on or about December 30, 1999. Petitioners were served through personal service on January 20, 2000.

3.

The above-described action is one of which this Court has original jurisdiction under 28 U.S.C. § 1331 in that it is a civil action founded on a claim or right arising under the laws of the United States of America. This action is thus removable under 28 U.S.C. § 1441(b) without regard to the citizenship or residency of the parties or the amount in controversy.

4.

Plaintiff's claims for compensation and damages relate to his "Employee Stay Incentive Agreement" with Cajun and are entirely preempted and governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001, 1144. A copy of the "Employee Stay Incentive Agreement" is attached as Exhibit 2.

5.

Petitioners are employers whose employees are in industries affecting interstate commerce, and whose activities do affect interstate commerce within the meaning of ERISA, 29 U.S.C. § 1003(a)(1).

6.

The "Employee Stay Incentive Agreement" at issue in this case was and is an "employee welfare benefit plan" within the meaning of ERISA, 29 U.S.C. § 1002(1).

7.

Plaintiff claims to be a participant in and intended beneficiaries of an employee welfare benefit plans as defined by ERISA, 29 U.S.C. §§ 1002(7), (8), 1132(a)(1)(B).

8.

The district courts of the United States have original and exclusive jurisdiction over actions brought by participants and beneficiaries to recover benefits allegedly due under the terms of an employee welfare benefit plan and over claims alleging improper administration of claims for benefits under such plans. 29 U.S.C. § 1132(e)(1)(f). Such actions may be removed to federal court. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); Anderson v. Electronic Data Systems Corp., 11 F.3d 1311, 1315 (5th Cir. 1994).

9.

Pursuant to this Court's supplemental jurisdiction, 28 U.S.C. §1367(a), and principles of pendent jurisdiction, this Court has jurisdiction over the remaining claims asserted in plaintiff's Petition.

10.

This Notice of Removal is filed within thirty (30) days after Petitioners were served with the state court's Citations and Petitions.

11.

Upon the filing of the Notice, Petitioners have at the same time given written notice to the plaintiff, through his counsel, by furnishing copies of this Notice and attachments, and will file forthwith a Notice of Removal in the 24th Judicial District Court for the Parish of Jefferson.

**WHEREFORE**, Petitioners pray that the action be removed from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

Dated: February 3, 2000.

Respectfully submitted,

_____
K. ERIC GISLESON (#1060), T.A.
MARC G. SHACHAT (#11958)
KATHLEEN S. PLEMER (#11003)
          -OF-
CHAFFE, McCALL, PHILLIPS,
TOLER & SARPY, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
*Attorneys for Cobb Investment Company, Inc.
and Cajun Bayou Distributors and Management,
Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served on counsel for all parties to this proceeding by hand-delivery and/or mailing the same by U.S. mail, properly addressed and first class postage prepaid, this 3rd day of February, 2000.

_____
K. ERIC GISLESON

447942-1

4